IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**ADAM GUNN, II**,

        Petitioner,

v.

**UNITED STATES OF AMERICA,**

        Respondent.

**CIVIL NO.:   3:20-CV-99**
**CRIMINAL NO.: 3:18-CR-20-4**
**(JUDGE GROH)**

**REPORT AND RECOMMENDATION**

**I.     INTRODUCTION**

On June 16, 2020, *pro se* Petitioner, Adam Gunn, II ("Petitioner"), initiated this action when he filed a Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255. ECF No. 228. Because Petitioner's claims are without merit, the undersigned recommends that Petitioner's motion be denied and dismissed with prejudice.

**II.     FACTS & PROCEDURAL HISTORY[1]**

**A.     Conviction and Sentence**

On March 6, 2018, Petitioner was charged with four counts of drug related offenses in a twenty-four count indictment. ECF No. 20. Petitioner was charged as part of a conspiracy with four codefendants. Id. Pursuant to a plea agreement, on August 27, 2018, Petitioner pleaded guilty to Count Nineteen of the indictment to Distribution of

---

[1] All ECF references to document numbers refer to criminal case number 3:18-CR-20.

1

Cocaine in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C). ECF Nos. 104, 108.  Petitioner stated during his change of plea hearing that his attorney had adequately represented him in the matter and that neither he nor his attorney had found an adequate defense to the charge.  ECF Nos. 108 at 4, 163 at 8.

The Presentence Investigation Report ("PSR") established a guideline imprisonment range of 151 to 188 months as to Petitioner's guilty plea based on the total offense level of 29 and a criminal history category of VI.  ECF No. 145 at 22, ¶ 108 (Filed Under Seal).  The statutory maximum penalty for a conviction under 21 U.S.C. § 841(a)(1) and (b)(1)(c) is 20 years (240 months).  Id. at ¶ 107.  By her signature on the final page of the PSR, Petitioner's attorney, Tracy Weese, Esq., certified that she carefully read the Presentence Report, reviewed it with Petitioner, and had no objections.  Id.  at 33. On December 3, 2018, Chief Judge Groh sentenced Petitioner to 151 months – the minimum sentence within the guideline range set forth by the PSR.  ECF No. 146 at 2.

**B.    Appeal**

On December 7, 2018, Petitioner filed a notice of appeal.  ECF No. 148.  Counsel filed an Anders brief "stating that there are no meritorious grounds for appeal but questioning whether Petitioner's plea was valid and whether his 151-month sentence was reasonable." ECF No. 210 at 2.  In its per curiam opinion issued May 28, 2019, the Fourth Circuit affirmed the sentence imposed by Chief Judge Groh, holding that Petitioner's sentence was procedurally and substantively reasonable.  Id.  In his § 2255 petition, Petitioner concedes that he did not file a petition of certiorari in the Supreme Court of the United States.  ECF No. 233 at 2.

### C. Petitioner's 2255 Motion

Petitioner filed his initial motion to vacate, along with a memorandum of law and exhibits, on June 16, 2020. ECF Nos. 228, 228-1 through 228-3. The Clerk issued a notice of deficient pleading on that same date which directed Petitioner to refile his motion on the Court-approved form. ECF No. 231. On July 6, 2020, Petitioner refiled his motion on the Court-approved form, along with a memorandum and exhibits. ECF Nos. 233, 233-1 through 233-3. A duplicate motion with memorandum and exhibits was also filed on July 9, 2020. ECF Nos. 235, 235-1 through 235-3. The Court recognized that the duplicate motion [ECF No. 235] filed on July 9, 2020, is a photocopy of the motion filed on July 6, 2020, [ECF No. 233], and accordingly, the Court addresses only the first of these motions, ECF No. 233.

In the Court-approved form, Petitioner asserts three grounds of ineffective assistance of counsel, two of which occurred at sentencing and a third of which occurred in his appeal. First, he claims that counsel was ineffective at sentencing when she did not object to or argue that Petitioner's prior convictions, both of which had suspended sentences, did not qualify him as a career offender. ECF No. 233 at 6. Petitioner argues that his counsel "failed to make the proper objections at sentencing (and before sentencing) when the court determined that . . . [Petitioner] qualified as a career offender." ECF No. 233-1 at 7. The finding that Petitioner was a career offender was based on two predicate felony offenses: (1) a robbery conviction on July 11, 2014; and (2) a conviction of possession with intent to deliver cocaine on August 4, 2016, both in the Circuit Court of Berkeley County, West Virginia. Id.

Next, Petitioner claims that his counsel was ineffective when she failed to argue that non-aggravated robbery under the West Virginia statute is not a crime of violence for purposes of career offender enhancement. ECF Nos. 233 at 8, 233-1 at 13.

Finally, Petitioner argues that counsel was ineffective "by failing to argue on direct appeal the disparity amongst simil[arly] situated defendants." ECF No. 233 at 10. Petitioner argues that his sentence was disproportionately harsh compared to the sentences imposed upon his co-defendants, in violation of the Equal Protection Clause. ECF No. 233-1 at 20.

On October 1, 2020, the Government responded to each of these grounds, stating the Petitioner fails to demonstrate in any ground that counsel's representation was ineffective under Strickland v. Washington, 466 U.S. 668 (1984). ECF No. 244. The Government further argued that on direct appeal the Fourth Circuit found the district court properly calculated Petitioner's sentence and properly determined the appropriate Guidelines range for Petitioner. Id. at 4. Finally, the Government argued that nothing in the record rebuts the presumption of reasonableness attached to Petitioner's sentence. Id. at 5.

Petitioner filed a reply on October 30, 2020, which also moved the Court to hold an evidentiary hearing. ECF No. 248 at 12.

### III. LEGAL STANDARD

**A. Motions to Vacate under § 2255**

A petitioner collaterally attacking his sentence or conviction bears the burden of proving (1) that his sentence or conviction was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such a

4

sentence; (3) that the sentence exceeded the maximum authorized by law; (4) or that the sentence otherwise is subject to collateral attack. 28 U.S.C. § 2255. "However, if the motion, when viewed against the record, shows that the petitioner is entitled to no relief, the court may summarily deny the motion." Beyle v. United States, 269 F. Supp. 3d 716, 725 (E.D. Va. 2017) (citing Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970)).

"A petitioner bears the burden of proving one of those grounds by a preponderance of the evidence." Id. (citing Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958)). "If he satisfies that burden, the court may vacate, set aside, or correct the sentence." Id. (citing 28 U.S.C. § 2255(b)). "However, if the motion, when viewed against the record, shows that the petitioner is entitled to no relief, the court may summarily deny the motion." Id. (citing Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970)).

### B. Ineffective Assistance of Counsel Claims

In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court of the United States established a two-part test to determine whether counsel was constitutionally ineffective. Under the first prong, Petitioner must demonstrate that his counsel's performance was deficient and "fell below an objective standard of reasonableness." Strickland v. Washington, 466 U.S. 668, 688 (1984). But, "[j]udicial scrutiny of counsel's performance must be highly deferential" because "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense assistance after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689. In addition, a court must indulge a strong presumption that counsel's conduct

falls within the wide range of reasonably professional assistance. Id. at 689-90. There are no absolute rules for determining what performance is reasonable. See Hunt v. Nuth, 57 F.3d 1327, 1332 (4th Cir. 1995) (noting counsel's representation is viewed on the facts of a particular case and at the time of counsel's conduct).

Under the second prong, Petitioner must show that the deficient performance caused him prejudice. Strickland, 466 U.S. at 687. To show prejudice, Petitioner must show "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Lockhart v. Fretwell, 506 U.S. 364, 369 (1993) (quoting Strickland, 466 U.S. at 687 (1984)). Consequently, if counsel's errors have no effect on the judgment, the conviction should not be reversed. Strickland, 466 U.S. at 691. The Fourth Circuit has recognized that, if a defendant "cannot demonstrate the requisite prejudice, [then] a reviewing court need not consider the performance prong" and vice versa. Fields v. Att'y Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992).

## IV. ANALYSIS

Petitioner's ineffective assistance of counsel claims are without merit. It is well established that the Sixth Amendment guarantees defendants the right to effective assistance of counsel. McMann v. Richardson, 397 U.S. 759, 771, n. 14 (1970). To succeed on an ineffective assistance of counsel claim Petitioner must demonstrate that he meets both prongs of the Strickland v. Washington test. "[A] failure of proof on either prong ends the matter." United States v. Roane, 378 F.3d 382, 404 (4th Cir. 2004).

A petitioner satisfies the first prong (the "performance" prong) when he shows that counsel's conduct "fell below an objective standard of reasonableness . . . under prevailing professional norms." Strickland, 466 U.S. at 687–88. However, "[j]udicial

6

scrutiny of counsel's performance must be highly deferential" because "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689. "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." Id.

To satisfy the second prong (the "prejudice" prong), a petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. To do so, "a petitioner must demonstrate that the error worked to his actual and substantial disadvantage, not merely that the error created a possibility of prejudice." Beyle, 269 F. Supp. 3d at 727 (cleaned up).

### A.    Counsel's failure to object at sentencing when the Court determined Petitioner was a career offender

Petitioner asserts that counsel was ineffective for failing to argue that Petitioner was not a Career Offender because both of his prior convictions resulted in suspended sentences. ECF No. 235-1 at 4. On July 11, 2014, Petitioner pleaded guilty to First Degree Robbery in Berkeley County, West Virginia Circuit Court, in case number 14-F-12. ECF No. 145 at 11. He was sentenced to twelve years imprisonment, but the sentence was suspended for five years probation, forty-four days in jail, and 200 hours community service. Id. On August 4, 2016, Petitioner pleaded guilty to possession with intent to deliver cocaine in Berkeley County, West Virginia Circuit Court, in case number 16-F-43. Id. at 12. He was sentenced to one to fifteen years imprisonment, but the

sentence was suspended for five years probation, which was served concurrently with the probation imposed in 14-F-12. Id.

Petitioner contends that a felonious sentence that was suspended in its entirety cannot count towards career offender status. Petitioner relies on the Fourth Circuit's holding in Romary, which held: "[a] sentence of imprisonment is defined to exclude any portion thereof which is suspended." United States v. Romary, 246 F.3d 339, 343 (4th Cir. 2001). However, Petitioner's reliance on Romary is misplaced as the Fourth Circuit has noted that the actual sentence that a defendant received is irrelevant; rather, the inquiry must focus on the maximum possible sentence that the defendant could have received. See United States v. Kerr, 737 F.3d 33, 39 (4th Cir. 2013). Both maximum possible sentences in Petitioner's prior convictions were well above a year and a month. Therefore, Petitioner's previous felonious sentences—for a determinate 12 years and an indeterminate 1 to 15 years--though suspended, were correctly counted toward his career offender status. Further, in United States v. Mullen, 311 Fed. Appx. 621, 623 (4th Cir. 2009), a suspended sentence imposed following a robbery conviction was properly used as a career offender predicate.

Petitioner argues that he received ineffective assistance when his counsel failed to object during sentencing regarding the propriety of using his two convictions with suspended sentences as predicate offenses for purposes of career offender designation. However, Mullen makes clear that a court may properly use a suspended sentence as a career offender predicate. It follows that Petitioner cannot meet the "performance" prong of Strickland. Counsel provided "reasonable professional assistance" and no error was committed by not objecting to Petitioner being sentenced as a Career Offender based on

two prior felonies for which he received suspended sentences. Because counsel's performance does not fall below the performance standard, there is no need to address the "prejudice" prong of Strickland. Therefore, Petitioner's first ineffective assistance of counsel claim fails.

**B.     Failure to argue that a West Virginia robbery is not a crime of violence and therefore cannot be used for career offender enhancement**

Petitioner's claim that he received ineffective assistance because his counsel failed to address whether robbery is a crime of violence under the residual clause of § 4B1.2 of the United States Sentencing Guidelines is without merit. Petitioner claims that "in light of the intervening changes in the law involving Johnson, Mathis, Dimaya and Davis extending to numerous State and Federal statutes that had set forth the term 'crime of violence,' and later determining . . . statutes to be overly broad, and others to be unconstitutionally vague," his conviction for non-aggravated robbery is not a crime of violence and therefore cannot count towards a career offender status.[2] ECF No. 233-1 at 13-14. In Johnson, the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA") was unconstitutionally vague. Johnson v. United States, 135 S.Ct. 2551, 2555-57 (2015). The cases listed by Petitioner are not cases that address the residual clause of the Sentencing Guidelines. Further, in Beckles, the Court held that the residual clause in U.S.S.G. § 4B1.2(a)(2) is not void for vagueness because, contrary

---

[2] The Supreme Court held in Mathis that a prior conviction does not qualify as the generic form of a predicate violent felony offense listed in the ACCA if an element of the crime of conviction is broader than an element of the generic offense. Mathis v. United States, 136 S.Ct. 2243 (2016). The Court in Dimaya, relying on Johnson, held that the residual clause of the federal criminal code's definition of "crime of violence," as incorporated in the Immigration and Nationality Act's definition of aggravated felony, was impermissibly vague. Sessions v. Dimaya, 138 S.Ct. 1204 (2018). In Davis, the Court held that the residual clause of definition of violent felony in a federal statute providing mandatory minimum sentences based on possessing and using a firearm in connection with a federal crime of violence was unconstitutionally vague. United States v. Davis, 139 S.Ct. 2319 (2019).

9

to the ACCA, the advisory Sentencing Guidelines do not fix the permissible range of sentences; the district courts have "wide discretion" as to whether the defendant should be incarcerated and for how long. Beckles v. United States, 137 S.Ct. 886, 888, 892 (2017).

The instant case does not require such analysis. The predicate offenses which triggered Petitioner's Career Offender status were First Degree Robbery and Possession with Intent to Deliver Cocaine. ECF No. 145 at ¶¶ 49-50. Both crimes are enumerated offenses which qualify as predicate offenses without reference to the residual clause contained in § 4B1.2(a)(2) of the Sentencing Guidelines. The plain language of the Guidelines makes clear that a crime of violence

> means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
>
> . . .
>
> (2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, **robbery**, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c).

U.S.S.G. § 4B1.2(a)(2) (emphasis added).

Notwithstanding, even if Petitioner's Career Offender status was triggered by a crime that relied upon the residual clause as set forth in § 4B1.2(a)(2), in Beckles, the Supreme Court held that the language in the residual clause is not void for vagueness because, contrary to the ACCA, the advisory Sentencing Guidelines do not fix the permissible range of sentences; the district courts have "wide discretion" as to whether the defendant should be incarcerated and for how long. Beckles, 137 S.Ct. at 888, 892 (2017). Moreover, in Lester, the Fourth Circuit concluded that a misclassification as a

career offender can be a fundamental defect if the sentencing occurred pre-Booker when the sentencing Guidelines were mandatory. Lester v. Flournoy, 909 F.3d 708, 714 (4th Cir. 2018).  However, when a petitioner is sentenced under the post-Booker, purely advisory Guidelines, "the district court not only ha[s] discretion to decide whether the Guidelines sentence [i]s justified, but in fact [i]s required to do so." Id.

In summary, Petitioner entered a guilty plea to First Degree Robbery under § 61-2-12 of the West Virginia Code, which is an offense that has previously been recognized as a crime of violence by the Fourth Circuit. [3]  Further, both as an enumerated offense and as a crime of violence, that first degree robbery conviction qualifies as a predicate felony offense for purposes of career offender designation under the Guidelines.

Regardless, because this is a post-Booker case, the Guidelines are advisory, not mandatory, and the District Court's sentence was affirmed on appeal.  Therefore, Petitioner did not receive ineffective assistance of counsel when Counsel did not argue that a West Virginia First Degree Robbery is not a crime of violence.  Petitioner necessarily fails to meet the "performance" prong of Strickland, as to his second claim of ineffective assistance of counsel and no further analysis is required.

---

[3]   In United States v. Salmons, 873 F.3d 446, 449 – 450 (4th Cir. 2017) (quoting State v. Harless, 168 W. Va. 707, 710, 285 S.E.2d 461 (1981)), the Fourth Circuit noted that:

[T]he violent nature of West Virginia aggravated robbery is underscored by the fact that West Virginia distinguishes between ordinary robbery and aggravated robbery. The West Virginia Supreme Court of Appeals has explained that "[b]y dividing robbery into these two categories, our legislature joined a number of other legislatures in recognizing a greater culpability and more severe punishment for a robbery committed by violent means than for a robbery committed by nonviolent means."  It went on to explain that "[t]he purpose of our robbery statute is to identify those means of committing robbery which are more aggravated in the sense that they are likely to produce bodily injury to the victim."  Thus, as the West Virginia high court has explained, the state legislature deliberately separated robbery from aggravated robbery in order to expressly delineate the more violent forms of the offense.

(Internal citations omitted).

### C. Failure to argue on direct appeal the disparity of sentences amongst codefendants

Before evaluating the merits of Petitioner's claim, the Court must determine which issues he may bring in a § 2255 motion and which are barred either because they are not appropriately raised in a §2255 motion or because Petitioner's failure to raise them on direct appeal is not excused.

It is well settled that issues previously rejected on direct appeal may not be raised in a collateral attack. Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) (holding that the issues raised by petitioner "have been previously decided by this court, and therefore Boeckenhaupt will not be allowed to recast, under the guise of collateral attack, questions [already] fully considered by this court"). See also Herman v. United States, 227 F.2d 332 (4th Cir. 1955). However, in her Anders brief filed with the Fourth Circuit, counsel stated that Petitioner "asks this Court to consider his role in the case relative to his co-defendants . . ." and lists the imposed sentences of Petitioner's codefendants. United States v. Gunn, 2019 WL 1096359, Appellate Brief at *9 – 10 (4th Cir. Feb. 28, 2019). Therefore, it is clear that Counsel **did** raise this issue on direct appeal, and Petitioner's claim that she failed to address the issue is without merit. Further, it appears that this claim is precluded to the extent that Petitioner seeks to relitigate this issue previously decided by the Fourth Circuit in his direct appeal.[4]

---

[4] Notwithstanding, Petitioner asserts that the disparity between his sentence and his codefendants' sentences constitutes an equal protection violation. ECF No. 235-1 at 20. In support of his claim, Petitioner relies on United States v. Pierce, 409 F.3d 228 (4th Cir. 2005): "[a] criminal sentence violates the Equal Protection Clause only if it reflects disparate treatment of similarly situated defendants lacking any rational basis." ECF No. 235 at 22. However, in Pierce, the Fourth Circuit held that "[a] district court is not required to consider the sentences of codefendants," and "it is well settled that codefendants and even coconspirators may be sentenced differently for the same offense." Pierce, 409 F.3d at 235. Moreover, the Court noted that it had already concluded that the District Court's estimate of loss was appropriate under the Sentencing Guidelines, and "the fact that Pierce's coconspirators were sentenced less harshly does not change that conclusion." Id. Here, similarly, Petitioner's sentence has already been deemed

Because counsel's performance related to raising proportionality of sentencing does not fall below the performance standard, there is no need to address the "prejudice" prong of Strickland. Therefore, Petitioner's third ineffective assistance of counsel claim fails.

## V. RECOMMENDATION

For the foregoing reasons, the undersigned RECOMMENDS that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Civil Action No. 3:20-CV-99, ECF Nos. 1, 6; Criminal Action No. 3:18-CR-20-4, ECF Nos. 228, 233, 235] be **DENIED** and **DISMISSED WITH PREJUDICE**.

It is further RECOMMENDED that Petitioner's motion for an evidentiary hearing [ECF No. 248] be **DENIED**.

The Petitioner shall have fourteen (14) days from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to Chief United States District Judge Gina M. Groh. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

---

reasonable by the Fourth Circuit. ECF No. 210 at 3. The Fourth Circuit found that Petitioner's Guidelines range was properly calculated by the District Court, and that Petitioner's sentence was at the low end of the Guidelines range. Id. The fact that Petitioner's codefendants received lesser sentences does not change that conclusion.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Court directs the Clerk of the Court to provide a copy of this Report and Recommendation to all counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia. Further, because this Report and Recommendation completes the referral from the District Court, the Clerk is directed to terminate the Magistrate Judge association with this case.

DATED: July 8, 2021

_____
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE