# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**ADAM GUNN, II**,

    Petitioner,

v.                                             **CIVIL ACTION NO.: 3:20-CV-99**
                                                 **CRIMINAL ACTION NO.: 3:18-CR-20-4**
                                                 **(GROH)**

**UNITED STATES OF AMERICA**,

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION IN PART

Pending before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Robert W. Trumble. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Trumble for submission of a proposed R&R. Magistrate Judge Trumble issued his R&R on July 8, 2021. ECF No. 254.[1] In his R&R, Magistrate Judge Trumble recommends that the Petitioner's Motion to Vacate under 28 U.S.C. § 2255 be denied and dismissed with prejudice. ECF No. 228. For the reasons discussed below, the Court **ADOPTS** the R&R **IN PART**.

### I. BACKGROUND

Upon review of the record, the Court finds that the background and facts as explained in the R&R accurately and succinctly describe the circumstances underlying

---

[1]     All CM/ECF references are to the criminal action, Case No. 3:18-CR-20-4, unless otherwise noted.

the Petitioner's claims. For ease of review, the Court incorporates them herein. However, the Court has outlined the most relevant facts below.

On March 6, 2018, the Petitioner was charged with four counts of drug-related offenses in a twenty-four count Indictment with four counts of drug-related offenses. ECF No. 20. On August 27, 2018, the Petitioner pleaded guilty to one count of distribution of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), pursuant to a plea agreement. See ECF Nos. 104 & 108.

On December 3, 2018, the Petitioner appeared before this Court for his sentencing. ECF No. 146. According to the Presentence Investigation Report ("PSR"), the Petitioner met the criteria for the career offender enhancement under U.S.S.G. § 4B1.1(a). ECF No. 145 ¶ 24. With the career offender enhancement, the sentencing guidelines recommended imprisonment for a term of 151 to 188 months. Id. ¶ 108. The Petitioner's counsel, Tracy Weese, reviewed the PSR with the Petitioner and had no objections. Id. at 31. At the Petitioner's sentencing, the Court adopted the PSR and sentenced him to 151 months of imprisonment—the minimum sentence within the guideline range.

On December 7, 2018, the Petitioner filed a notice of appeal. ECF No. 148. Ms. Weese filed an Anders brief, stating that she had reviewed the record and did not find any meritorious grounds for appeal but noted that the Petitioner "desires review of his sentencing which he believes is excessive." Brief for Appellant at ii, United States v. Gunn, 7 F. App'x 547 (4th Cir. May 28, 2019) (No. 18-4938), 2019 WL 1096359, at *ii. On May 28, 2019, the Fourth Circuit issued a per curiam opinion, affirming that the Petitioner's sentence was procedurally and substantively reasonable. ECF No. 210.

On June 16, 2020, the Petitioner filed the instant motion, pursuant to 28 U.S.C. § 2255. ECF No. 228.[2] Therein, the Petitioner moves to vacate his sentence because he received constitutionally ineffective counsel at his sentencing and on appeal. The Petitioner brings three claims of ineffective assistance of counsel: (1) Ms. Weese's failure to object or argue at sentencing that the Petitioner's two prior convictions, both of which had suspended sentences, were not predicate offenses for the career offender enhancement, (2) Ms. Weese's failure to argue that his prior West Virginia robbery conviction was not a crime of violence for purposes of career offender enhancement, and (3) Ms. Weese's failure to argue on direct appeal that his sentence was disproportionately harsh compared to the sentences imposed on his co-defendants. See ECF No. 233.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of the magistrate judge's findings where objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge to which no objection is made. Thomas v. Arn, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of de novo review and of a Petitioner's right to appeal this Court's Order. 28.U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

---

[2] The Petitioner filed three motions to vacate under 28 U.S.C. § 2255. On June 16, 2020, the Petitioner filed his initial motion, which is pending before the Court. ECF No. 228. On July 6, 2020, the Petitioner refiled his motion on the Court-approved form. ECF No. 233. The Petitioner filed a third motion on July 9, 2020, which is a photocopy of his second motion. ECF No. 235. The Court notes that all of the motions contain identical arguments and the same memorandum of law in support.

Moreover, "[w]hen a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary." Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D. W. Va. 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." Williams v. New York State Div. of Parole, No. 9:10-CV-1533 (GTS/DEP), 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012). Courts have also held that when a party's objection lacks adequate specificity, the party waives that objection. See Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) (finding that even though a party filed objections to the magistrate judge's R&R, they were not specific enough to preserve the claim for review). Bare statements "devoid of any reference to specific findings or recommendations . . . and unsupported by legal authority, [are] not sufficient." Mario 313 F.3d at 766. Finally, the Fourth Circuit has long held, "[a]bsent objection, we do not believe that any explanation need be given for adopting [an R&R]." Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983) (finding that without an objection, no explanation whatsoever is required of the district court when adopting an R&R).

Objections to Magistrate Judge Trumble's R&R were due within fourteen plus three days of service. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Magistrate Judge Trumble entered the R&R on July 8, 2021. ECF No. 254. The Petitioner timely filed his objections on August 2, 2021.[3] ECF No. 262. Accordingly, this Court will review the Petitioner's objections to the R&R de novo and the remainder of the R&R for clear error.

---

[3] On July 26, 2021, the Court granted the Petitioner's unopposed motion for an extension to file his objections to the R&R. ECF No. 260.

4

### III. DISCUSSION

In the R&R, Magistrate Judge Trumble finds that the Petitioner's claims of ineffective counsel are meritless because they do not satisfy the test for constitutionally ineffective counsel as set forth by the U.S. Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). See ECF No. 254 at 4–5. Specifically, he finds that the Petitioner cannot satisfy the first prong of Strickland because Ms. Weese's performance at sentencing and on appeal was objectively reasonable. Id. at 6. Additionally, he finds that the Petitioner's third claim cannot be raised in a § 2255 motion because it was considered and rejected on direct appeal. Id. at 12. Accordingly, he recommends that the Court dismiss the motion with prejudice. Id. at 13.

The Petitioner objects to the R&R's findings for all three of his claims. ECF No. 262. The Court considers the Petitioner's objections below in turn.

**A. First Claim – Failure to Object to the Petitioner's Career Offender Designation Because His Predicate Offenses Resulted in Suspended Sentences**

Magistrate Judge Trumble finds that Ms. Weese's failure to object to the Court's determination that the Petitioner was a career offender was objectively reasonable because Fourth Circuit case law "makes clear that a court may properly use a suspended sentence as a career offender predicate." ECF No. 254 at 8. Accordingly, Magistrate Judge Trumble finds that the Petitioner's first claim cannot satisfy the first prong of Strickland, which requires that the Petitioner show his counsel's performance "fell below an objective standard of reasonableness." 466 U.S. at 688.

In his objections, the Petitioner argues the Fourth Circuit's decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), supports finding that his prior felony

convictions, which resulted in suspended sentences, are not predicate offenses for the career offender enhancement. ECF No. 262 at 2–3. In Simmons, the defendant had a prior North Carolina conviction for possession with intent to sell no more than ten pounds of marijuana. 649 F.3d at 239. Under North Carolina's statute, the defendant could not have received a sentence exceeding eight months' community punishment. Id. at 240–41. However, the district court found that the conviction was a "drug-related offense that is punishable by imprisonment for more than one year" because a defendant, hypothetically, could have received a sentence of more than one year of imprisonment for that offense.[4] The Fourth Circuit vacated the sentence and held that district courts cannot consider hypothetical aggravating factors when calculating a defendant's maximum punishment. Id. at 244.

The Court finds Simmons is distinguishable from this case. Unlike the defendant in Simmons, who could not have received a sentence exceeding twelve months' imprisonment, both of the Petitioner's convictions resulted in a sentence exceeding twelve months' imprisonment.[5] The fact that both of the sentences were suspended does not preclude them from qualifying as predicate offenses. See United States v. Milligan, 576 F. App'x 246, 247 (4th Cir. 2014) (rejecting the same argument because "there is no

---

[4] Under the North Carolina statute, the defendant's offense was punishable by a sentence exceeding twelve months' imprisonment only if (1) the state proved, or the defendant pleaded to, the existence of aggravating factors warranting the imposition of an aggravated sentence, and (2) the defendant possessed fourteen or more criminal history points. Simmons, 649 F.3d at 241. However, the defendant in Simmons was neither charged with nor convicted of an aggravated offense. Id. at 244.

[5] The Petitioner's two prior convictions are: (1) a 2014 state conviction for first-degree robbery, for which he was sentenced to twelve years of imprisonment, suspended for five years of probation, forty-four days in jail, and two-hundred hours of community service, and (2) a 2016 state conviction for possession with intent to deliver cocaine, for which he was sentenced to one to fifteen years of imprisonment, suspended for five years of probation. See ECF No. 145 ¶ 24.

requirement that an offender have served time for a prior felony conviction for it to qualify under the Guideline"); United States v. Mullen, 311 F. App'x 621, 623 (4th Cir. 2009) (finding that a robbery conviction that resulted in a suspended sentence was properly counted as a career offender predicate offense).[6]  Thus, the Court properly counted the Petitioner's prior convictions toward his career offender enhancement.

The Petitioner also argues that under United States v. Tesseneer, 541 F. App'x 265 (4th Cir. 2013), courts cannot count convictions that result in suspended sentences as predicate offenses for purposes of the career offender enhancement.  There, the Fourth Circuit states, "[a] sentence of imprisonment does not include the portion of a sentence that was suspended." Id. at 266.  However, Tesseneer does not apply here.  In Tesseneer, the defendant's prior felony drug conviction occurred more than fifteen years before the defendant's instant offense.  Here, both of the Petitioner's prior felony convictions occurred within fifteen years of his instant offense.  Moreover, the Sentencing Guidelines state that "[a] conviction for which the imposition or execution of sentence was totally suspended or stayed shall be counted as a prior sentence" for computing a defendant's criminal history.  U.S.S.G. § 4A1.2(a)(3).  Thus, the Court finds that the Petitioner's prior convictions that resulted in suspended sentences constitute predicate offenses for the career offender enhancement.

---

[6] The Petitioner objects to the Court's "reliance" on unpublished Fourth Circuit decisions.  ECF No. 262 at 2.  While unpublished Fourth Circuit decisions are not binding on the Court, they are "entitled . . . to the weight they generate by the pervasiveness of their reasoning." Hentosh v. Old Dominion Univ., 767 F.3d 413, 417 (4th Cir. 2014) (citations omitted).  Thus, the Court clarifies that it is citing Milligan and Mullen only to the extent that it finds the Fourth Circuit's reasoning in those cases persuasive, not because the Court perceives them as precedential law.

7

Upon review of the objections, the Court finds that the R&R correctly finds that the Petitioner's first claim is meritless. Accordingly, the Petitioner's objections to the R&R regarding his first claim are **OVERRULED**.

**B. Second Claim – Failure to Object to the Petitioner's Career Offender Designation Because the Petitioner's West Virginia First-Degree Robbery Conviction Was Not a Crime of Violence**

Magistrate Judge Trumble similarly finds that the Petitioner's second claim of ineffective assistance of counsel fails the Strickland test because Ms. Weese's failure at sentencing to argue that his West Virginia first-degree robbery conviction is not a crime of violence for purposes of the career offender enhancement was objectively reasonable. ECF No. 254 at 9. Specifically, he finds that Ms. Weese's failure to object was reasonable because the Petitioner's prior West Virginia first-degree robbery conviction is a "crime of violence" under the "enumerated clause" of the career offender guideline. Id. at 10. The Petitioner objects and argues that his West Virginia first-degree robbery conviction is not a crime of violence for purposes of the career offender enhancement under either the enumerated clause or the force clause. ECF No. 262 at 3–4.

The Sentencing Guidelines set forth two criteria for a "crime of violence" for purposes of the career offender enhancement:

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
>
> (1) has an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm . . . or explosive material . . . .

USSG § 4B1.2(a). The first type of crime of violence is generally referred to as the "force clause," and the second type is generally referred to as the "enumerated clause." See United States v. Riley, 856 F.3d 326, 328 (4th Cir. 2017).

In the R&R, Magistrate Judge Trumble does not consider the Petitioner's West Virginia first-degree robbery conviction under the force clause. However, upon review of controlling authorities, the Court finds that the Petitioner's West Virginia first-degree robbery conviction clearly qualifies as a predicate offense under the force clause. In United States v. Salmons, 873 F.3d 446, 449 (4th Cir. 2017), the Fourth Circuit held that West Virginia's 1961 first-degree robbery statute satisfied the force clause. There, the court stated, "it would strain credulity and be a surprise to anybody if West Virginia aggravated robbery were found not to be a crime of violence." Id. (quotation marks omitted). Although the Petitioner was sentenced under West Virginia's current first-degree robbery statute, there is no substantive difference between the two versions. Cf. W. Va. Code § 61-2-12 (1961), and W. Va. Code § 61-2-12 (2000); see, e.g., Clements v. United States, No. 2:14-cr-174, 2018 WL 6584477, at *3 (S.D. W. Va. Dec. 14, 2018) (finding the same). Thus, the Court finds that the Petitioner's West Virginia first-degree robbery conviction satisfies the force clause and was properly counted as a predicate offense to the career offender guideline. See id. (holding that the petitioner's West Virginia first-degree robbery conviction under the current version of the statute qualified as a predicate offense to the career offender guideline under Salmons).

Because controlling authorities hold that the Petitioner's West Virginia first-degree robbery conviction qualifies as a predicate offense to the career offender guideline under the force clause, it is unnecessary for the Court to consider the conviction under the

enumerated clause. Accordingly, the Court declines to adopt the R&R's finding that the Petitioner's West Virginia first-degree robbery conviction is a covered offense under the enumerated clause. However, the Court adopts the R&R's finding that the Petitioner's West Virginia first-degree robbery conviction is a crime of violence for purposes of the career offender enhancement. Thus, the R&R correctly finds that the Petitioner's second claim is meritless.

### C. Third Claim – Failure to Raise Issue of Sentencing Disparity Amongst Co-Defendants on Direct Appeal

Finally, Magistrate Judge Tumble finds that the Petitioner cannot relitigate the issue of the sentencing disparity amongst his co-defendants because it was previously considered and rejected on direct appeal. ECF No. 254 at 12. Thus, he finds that the issue is inappropriately raised in a § 2255 motion. Id.; see Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) (holding that the petitioner could "not be allowed to recast, under the guise of collateral attack, questions [already] fully considered by this court"). In response, the Petitioner argues that because the issue was raised in an Anders brief, it was "never fully researched or briefed . . . to the Fourth Circuit," and thus, it is not "precluded from further review." ECF No. 262 at 6.

The Court rejects the Petitioner's argument. The filing of an Anders brief rather than a brief on the merits does not in itself constitute ineffective assistance of counsel. See McCoy v. Court of Appeals of Wisconsin District 1, 486 U.S. 429, 444 (1988) (stating that although an "Anders brief is not a substitute for an advocate's brief on the merits," it is a device that ensures that an indigent criminal defendant's constitutional rights are "scrupulously honored"); see also United States v. Dudley, 241 F. App'x 145, 146 (4th

Cir. 2007) (finding that the act of filing an Anders brief does not in itself constitute ineffective counsel).

In the Anders brief, Ms. Weese stated that she had reviewed the record and could not find any significant procedural errors during the Petitioner's sentencing. See Brief for Appellant at 9, United States v. Gunn, 7 F. App'x 547 (4th Cir. May 28, 2019) (No. 18-4938), 2019 WL 1096359, at *9. Nonetheless, she stated that the Petitioner "asks this Court to consider his role in the case relative to his co-defendants" and identified facts in the record that she believed could arguably support the ground for appeal. Id. at 9–11; 2019 WL 1096359, at *9–10. Importantly, after Ms. Weese filed her Anders brief, the Petitioner filed a pro se supplemental brief that raised numerous issues, including the sentencing disparity issue. See Anders Pro Se Brief at 7, United States v. Gunn, No. 18-4938 (4th Cir. Apr. 4, 2019). The Fourth Circuit independently reviewed the issue, as raised in the Anders brief and the supplemental brief, and found it to be without merit. See United States v. Gunn, 767 F. App'x 547, 547 n.2 (4th Cir. 2019) (stating that it had considered the issues raised in the supplemental brief and concluding they were without merit). Accordingly, the R&R correctly finds that the issue was previously rejected on direct appeal, and the Petitioner may not raise it in his § 2255 motion.

## IV. CONCLUSION

Upon careful review of the R&R and the Petitioner's objections, the Court **ORDERS** that Magistrate Judge Trumble's Report and Recommendation [ECF No. 254 in 3:18-CR-20-4; ECF No. 8 in 3:20-CV-99] should be, and is hereby, **ADOPTED IN PART** for the reasons more fully stated therein. Specifically, the Court declines to adopt the R&R's finding that the Petitioner's West Virginia first-degree robbery conviction is a crime

of violence under the enumerated clause of USSG § 4B1.2. The Petitioner's Motion to Vacate [ECF No. 228 in 3:18-CR-20-4; ECF No. 1 in 3:20-CV-99] is **DENIED** and **DISMISSED WITH PREJUDICE**. The Petitioner's Motion for Evidentiary Hearing [ECF No. 248 in 3:18-CR-20-4] is **DENIED AS MOOT**.

As a final matter, upon an independent review of the record, this Court hereby **DENIES** the Petitioner a Certificate of Appealability, finding that he has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

This matter is **ORDERED STRICKEN** from the Court's active docket. The Clerk of Court is **DIRECTED** to mail a copy of this Order to the Petitioner by certified mail, return receipt requested, at his last known address as reflected on the docket sheet.

**DATED**: September 13, 2021

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE